UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GAIL SILBERMAN,

                           Plaintiff,                08 Civ. 3398 (RMB) (THK)

    - against -                           **DECISION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                           Defendant.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/09

**I.   Background**

On April 4, 2008, Gail Silberman ("Plaintiff") filed a complaint against Michael J. Astrue, the Commissioner of Social Security ("Defendant" or "Commissioner"), pursuant to Section 405(g) of the Social Security Act ("Social Security Act"), codified as amended at 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision, dated June 2, 2006, of an administrative law judge ("ALJ") of the Social Security Administration. (See Compl. ¶¶ 1, 2.) The ALJ had denied Plaintiff's application for social security disability benefits, which Plaintiff had filed on October 14, 2001, on the ground that Plaintiff had sufficient "residual functional capacity" to "perform [a] full range of light work" as, among other things, a securities analyst. (Administrative Record ("A.R."), at 29 ¶¶ 6, 7.) On or about January 30, 2008, the Social Security Appeals Council ("Appeals Council") denied Plaintiff's request for review of the ALJ's decision. (A.R. at 8–10.)

On December 5, 2008, Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), requesting that this court affirm the ALJ's decision because, among other reasons, "the ALJ concluded that [P]laintiff was able to perform the equivalent of light exertional work" and could "perform her past relevant work as a

securities analyst." (Def. Mem. of Law in Supp. of His Mot. for J. on the Pleadings, dated Dec. 5, 2008 ("Def. Mem."), at 17; see also A.R. at 29.) On February 2, 2009, Plaintiff filed a cross-motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), requesting that the Commissioner's decision be reversed and that this Court find "that [Plaintiff] has met [her] burdens of proof and persuasion" because, among other reasons, "the ALJ's decision rests on nothing more than his lay critique and [his] rejection of [Plaintiff's treating physicians' medical] evidence." (Mem. in Supp. of Pl. Cross-Mot. for J. on the Pleadings, dated Feb. 2, 2009 ("Pl. Mem."), at 1–2.)

On or about August 14, 2009, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending "that the Commissioner's motion for judgment on the pleadings be denied" and that "Plaintiff's motion for judgment on the pleadings be granted to allow this case to be remanded for further consideration" in light of certain deficiencies in the ALJ's findings. (Report at 34–35.) Judge Katz concluded, among other things, that: (1) the ALJ's decision to reject "Plaintiff's subjective account of her pain and functional limitations" failed to "cite specific medical, testimonial, or other evidence that supports" his conclusion; and (2) the ALJ failed to "explain the weight given" to the opinion of James Giebfried, a physical therapist who treated Plaintiff in 1997, and failed to "explain why he rejected Mr. Giebfried's opinion that Plaintiff was incapable of working." (Report at 34–35.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report

2

to file written objections." (Report at 35.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II. Standard of Review

In the absence of objections, a district court may adopt those sections of a magistrate judge's report and recommendation that are not clearly erroneous. Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); DirecTV Latin America, L.L.C. v. Park 610, L.L.C., 614 F. Supp. 2d 446, 448 (S.D.N.Y. 2009). "A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge as to such matters." DirecTV, 614 F. Supp. 2d at 448; see also Knox v. Palestine Liberation Org., No. 03 Civ. 4466, 2009 WL 1765826, at *1 (S.D.N.Y. June 17, 2009).

## III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Katz properly determined that the "ALJ's failure to sufficiently discuss . . . Plaintiff's subjective complaints of pain is grounds for remand." (Report at 30-31); see also Young v. Astrue, No. 7:05-CV-1027, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008) ("When rejecting subjective complaints of pain, an ALJ must do so 'explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the

3

ALJ's disbelief [.]'") (quoting Brandon v. Bowen, 666 F. Supp. 604, 608 (S.D.N.Y. 1987)); Fragale v. Chater, 916 F. Supp. 249, 252–53 (W.D.N.Y. 1996).

Judge Katz also correctly concluded that the ALJ failed to explain the weight accorded to the testimony of Plaintiff's treating therapist, James Giebfried, and that his failure to do so is independently grounds for remand. (Report at 23–26); see also Carlantone v. Astrue, 08 Civ. 7393, 2009 WL 2043888, at *5 (S.D.N.Y. July 14, 2009); Rivera v. Bowen, 665 F. Supp. 201, 206 (S.D.N.Y. 1987).

## IV. Conclusion & Order

For the reasons set forth herein and therein, the Report is adopted in its entirety. This action is remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       September 1, 2009

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.

4